PER CURIAM.
Relator, as Chairman of the Republican Executive Committee, Dade County, Florida, applied to this court for the issuance of an alternative writ of mandamus commanding the Honorable Claude R. Brown, as Supervisor of Registration of Metropolitan Dade County to strike the name of Charles Patrick English from the registration books pursuant to § 98.201, Fla.Stat.,[1] F.S.A. The grounds stated in the petition were that the elector, Charles Patrick English has become disqualified to vote by reason of the adjudication by the Probate Court for the County *906 of Ingham, State of Michigan, that he is mentally ill and is a fit person for care and treatment at Kalamazoo State Hospital in Michigan.
The alternative writ was issued commanding said Supervisor of Registration forthwith to serve Charles Patrick English with notice to show cause why his name should not be removed from the registration books of Dade County and to otherwise comply with § 98.201, Fla.Stat, F.S.A. with respect to said elector or in the alternative to show cause, if any he may have, before this court, on the 11th day of September, 1964 why a peremptory writ of mandamus should not issue herein.
The respondent in his duly filed return moved to quash the alternative writ on the grounds that he had complied with the last paragraph of §§ 98.201 and 98.081, Fla.Stat., F.S.A., and that the name of Charles Patrick English has been removed from the registration books.
There is merit in respondent’s motion to quash the writ in that it has been made to appear that the elector’s name has ■been removed from the registration books, and that by reason thereof the respondent has already done by way of an alternative method, that which relator sought by mandamus. Therefore, the question has been rendered moot.
We are next called upon to consider the relator’s motion for leave to amend the alternative writ of mandamus. By the proposed amendment, relator seeks to compel the respondent to declare a vacancy in the nomination of Republican Candidate (Charles Patrick English) for the office of Member of the Board of Public Instruction, Group 2, at large, in Dade County, Florida.
This motion must be denied because there is no showing that this respondent could grant the requested relief.[2]
The alternative writ of mandamus is quashed, and the relator’s motions for peremptory writ and leave to amend are denied.

. “Custodian of registration books
“The supervisor is the official custodian of the books of registration with the exclusive control of matters pertaining to the registration of electors. Whenever it shall come to his knowledge that any elector has become disqualified to vote by reason of conviction of any disqualifying crime or from other causes, or has removed from the county or to another precinct without obtaining a certificate of transfer, or his right to vote has become affected since his registration, the supervisor shall notify the person at his last known address by certified or registered mail and should there be evidence that the notice was not received, then notice shall be given by publication in a newspaper of general circulation in the county where the person was last registered or last known. The notice by publication shall run one time. The notification shall plainly state that the registration is allegedly illegal and shall be in the form of a notice to show cause why the person’s name should not be removed from the registration books. The notice shall state a time and place for the person so notified to appear before the supervisor to show cause why his name should not be removed. Upon hearing all evidence in a quasi judicial manner, the supervisor of registration shall determine whether or not there is sufficient evidence to strike the person’s name from the registration books. If the supervisor determines that there is sufficient evidence he shall strike tlie name forthwith. Appeal shall be to the circuit court in and for the county wherein the person was registered. Notice of appeal shall be filed within fifteen days with the supervisor of registration and shall act as supersedeas. Trial in the circuit court shall be de novo and governed by the rules of that court. Unless the person can show that his name was erroneously or illegally stricken from the registration books or that he is in *906 digent, he shall be made to bear the costs of the trial in the circuit court. Otherwise, the costs of the appeal shall be paid by the board of county commissioners.
“The supervisor may, at any time, process and forward to any elector a post or renewal card to verify the qualifica-tious of an elector and, on the non-return of such card within the prescribed time set by law, shall proceed as otherwise provided in § 98.081, for nonreturns. As amended Laws 1963, c. 63 — 481, § 1.”

. Ch. 9S, Fla.Stat., F.S.A.